# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>HARVEST PLASMA TORCH CORPORATION,<br><br>　　　　　　　　Debtor.<br><br>HARVEST PLASMA TORCH CORPORATION,<br><br>　　　　　　　　Movant,<br><br>　　　　　v.<br><br>NO RESPONDENTS. | Bankruptcy No. 19-21929-JAD<br><br>Chapter 11 (Involuntary) |

### MOTION FOR AN ORDER AUTHORIZING THE SALE OF
### THE DEBTOR'S EQUIPMENT

Harvest Plasma Torch Corporation, as debtor in possession in the above-captioned chapter 11 case (the "Debtor"), files this Motion for an Order Authorizing the Sale of the Debtor's Equipment (the "Motion").

### JURISDICTION AND VENUE

1.　　The United States Bankruptcy Court for the Western District of Pennsylvania (this "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.　　This matter is a "core" proceeding in accord with 28 U.S.C. § 157(b)(2).

3.　　Sections 105 and 363 of title 11, United States Code, 11 U.S.C. §§ 101 *et seq*. (as amended, "Bankruptcy Code") and Rules 6004, and 9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") serve as the statutory bases for the relief requested in this Motion.

## BACKGROUND

4.  On May 10, 2019 (the "Petition Date"), petitioning creditors filed an involuntary petition for relief under chapter 11 of the Bankruptcy Code against the Debtor.

5.  On June 11, 2019, the Court entered an order for relief [Doc No. 17], granting the petition against the Debtor.

6.  The Debtor is debtor-in-possession pursuant to Section 1107(a), 1108, and 1116 of the Bankruptcy Code.

7.  A creditors' committee has been appointed in this case by the United States Trustee.

8.  The Debtor owns various equipment previously utilized in the Debtor's business. The Debtor has ceased complete operation of the business and intends to liquidate all of the Debtor's assets to fund a chapter 11 plan.

9.  The Court has previously approved the engagement of a broker to assist the Debtor in the sale of the Debtor's real property. The broker has actively been showing the real property to potential buyers along with the Equipment located therein.

10. The Debtor is proposing to sell (the "Sale") the following equipment (1) one JLG model 600AJ manlift; (2) one crown lift pallet lift machine; and (3) one Toyota forklift, model no. 8FGU30, serial no. 14668 (collectively, the "Equipment"). The Equipment is unencumbered by any security interest.

11. By this Motion, the Debtor seeks approval of the Sale in the amount of twenty thousand dollars ($20,000.00) (the "Purchase Price") to Its Enclosures (the "Buyer").

12. The Sale is the Equipment will be subject to higher and better offers pursuant to the Bankruptcy Code and applicable Bankruptcy Rules.

13. Pursuant to the Sale terms, the Buyer is to pay upon the delivery of the Equipment. The Sale of the Equipment is "as is, where is".

14. The sale proceeds are to be held in escrow by Debtor's counsel to be held in trust until further order of Court.

**RELIEF REQUESTED**

15. By this Motion, the Debtor seeks approval of the sale of the Equipment pursuant to section 363(b) of the Bankruptcy Code.

16. Section 363(b) of the Bankruptcy Code provides, in relevant part, that a trustee, after a notice and a hearing, may use, sell, or lease property of the estate other than in the ordinary course of business. A court can authorize a debtor to use property of the estate pursuant to §363(b) when such use is an exercise of the debtor's sound business judgment and when the use of the property is proposed in good-faith for value. See, In re Delaware & Hudson RR. Co., 124 B.R. 169, 176 (D. Del 1991) (explaining that the Third Circuit has adopted the "sound business purpose test to evaluate motions brought pursuant to §363(b)); See also, In re Abbots Dairies of Pennsylvania, 788 F. 2d 143 (3rd Cir. 1986).

17. In addition, §105(a) of the Bankruptcy Code further authorizes "[t]he court to issue any orders, process, or judgment that is necessary or appropriate to carry out the provisions of the [the Bankruptcy Code]."

18. The Debtor has the burden to establish that a valid business purpose exists for the use of estate property in a manner that is not in the ordinary course of business. See In re Lionel Corp., 722 F.2d 1063, 1070-71 (2nd Cir. 1983). Once the Debtor has articulated a valid business purpose, however, a presumption arises that the debtor's decision was made on an informed basis,

in good-faith and in the honest belief that the action was in the best interest of the company. See In re Integrated Resources, Inc., 147 B.R. at 656 (S.D.N.Y. 1992).

19. In this case, the Debtor submits that it has employed reasonable and sound business judgment to justify approval the Sale, as set forth herein.

20. In determining whether a sale satisfies the business judgment standard, courts in the 3rd Circuit require: (a) that there be sound business judgment reasons for the sale; (b) accurate and reasonable notice of the sale; (c) that the sale yield a fair and reasonable price; and (d) that the parties have acted in good-faith. In re Titusville Country Club, 128 B.R. 396, 399 (Bankr. W.D. Pa 1991). This Court may additionally grant the relief requested herein under § 105(a) of the Bankruptcy Code under equitable common law doctrines, providing, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

21. Sound business reasons exist to justify a sale of the Equipment. The proceeds to be generated by the sale of the Equipment will aid the Debtor is generating funds to pay ongoing administrative expense and creditors through a chapter 11 plan.

22. In engaging in the proposed Sale, the parties have negotiated in good-faith and at arms length. Accordingly, the Debtor submits that the Sale proposed herein is in good-faith, constitutes an exercise of the Debtor's sounds business judgment, and is in the best interest of the Debtor's estate and creditors.

**WAIVER OF STAY ORDER**

23. Bankruptcy Rule 6004(h) provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."

24. The Debtor seeks immediate entry of an order granting the relief sought herein and a waiver of any stay of the effectiveness of such an order as failure to provide such relief will result in the irreparable harm to the Debtor's estate. *See* In re Ames Dep't Stores, Inc., 115 B.R. 34, 36 n. 2 (Banrk. S.D.N.Y. 1990).

25. Relief from this stay is necessary to prevent further delay of the dates that the Buyer could begin to exploit the full value of the Equipment. The Debtor requests that the Court order that the stay shall not apply with respect to this Sale, and that an order approving the Sale be effective immediately upon its entry.

WHEREFORE, the Debtor respectfully requests that this Court enter an order authorizing and approving the Motion for an Order Authorizing the Sale of the Debtor's Equipment.

Respectfully submitted:

BERNSTEIN-BURKLEY, P.C.

Date:   November 1, 2019

By: */s/ Kirk B. Burkley*
Kirk B. Burkley, Esq., PA I.D.: 89511
kburkley@bernsteinlaw.com
Keila Estevez, Esq., PA I.D.: 324601
kestevez@bernsteinlaw.com
707 Grant St., Ste. 2200, Gulf Tower
Pittsburgh, PA 15219
Phone: (412)456-8100
Fax:    (412)456-8135

*Attorneys for the Debtor*